IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALPHONSO GRANT, | § | |
| | § | |
| v. | § | C.A. NO. C-07-216 |
| | § | |
| NATHANIEL QUARTERMAN. | § | |

**MEMORANDUM AND RECOMMENDATION TO
SUMMARILY DISMISS PETITIONER'S WRIT OF HABEAS CORPUS**

In this habeas corpus action, petitioner challenges his 2005 denial of parole pursuant to 28 U.S.C. § 2254. (D.E. 1, at 2). For the reasons stated herein, it is respectfully recommended that the Court summarily dismiss petitioner's writ of habeas corpus.

## I. BACKGROUND

Respondent has lawful custody of petitioner pursuant to a judgment and sentence of the 183rd Judicial District of Harris County, Texas. Grant v. Quarterman (Grant I), No. C-06-353, at 2 (S.D. Tex. Feb. 20, 2007) (Mem. & Recommendation). On October 29, 1996, petitioner pleaded guilty to first degree murder, and was sentenced to forty years imprisonment. Id. (citing D.E. 15, Ex. A, at 2). He has never filed a state habeas application challenging his conviction or the conditions of his confinement. Id. (citing D.E. 15, Ex. B, at 2).

On March 18, 2005, petitioner was denied parole on the grounds that he was a repeat offender and committed a violent criminal act. Id. (citing D.E. 1, at 6). He

appealed to the Special Review Unit of the Texas Board of Pardons and Paroles. Id. (citation omitted). His appeal was denied because his case did not meet the narrow criteria for review. Id. (citation omitted).

On August 11, 2006, petitioner filed a petition in which he challenged the March 18, 2005 denial of parole. Grant I, (Pet.). After being served with this petition, respondent moved for summary judgment on December 15, 2006. Grant I, (Mot. for Summ. J.). On February 20, 2007, it was recommended that his petition be denied including his claim related to the March 18, 2005 denial of parole. Grant I, (Mem. & Recommendation). On March 12, 2007, petitioner filed objections to this memorandum and recommendation. Grant I, (Objections.). This Court adopted the recommendation on March 27, 2007 and entered final judgment. Grant I, (Order, Final J.). Petitioner did not appeal this final judgment.

Petitioners three claims in his pending petition allege that he is being arbitrarily and capriciously denied release on parole for various reasons. (D.E. 1, at 7-10). In an order for a more definite statement, "Petitioner [was] ORDERED to inform the Court when he sought parole and what date his parole was denied." (D.E. 6). In response, he declared that "Petitioner was interviewed FOR PAROLE 01 - 20 - 05 and was allegedly denied PAROLE on 03 - 18 - 05." (D.E. 9, at 1).

## II.  STANDARD OF REVIEW

Rule 4 of the Rules Governing § 2254 Cases states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  It authorizes dismissal of non-meritorious claims that fail to show that the petitioner is being held in custody in violation of the Constitution or laws of the United States, or claims that are factually frivolous.  See, e.g., Byrne v. Butler, 847 F.2d 1135, 1137 (5th Cir. 1988) (per curiam) (pursuant to Rule 4, petitioner is not entitled to relief for patently frivolous petition); Resendez v. McKaskle, 722 F.2d 227, 230 (5th Cir. 1984) (Rule 4 "gives a district court authority to order a *sua sponte* dismissal").

To avoid summary dismissal, the facts pleaded must "point to a 'real possibility of constitutional error.'"  Rule 4, Rules Governing § 2254 Cases, advisory committee note (citing Aubut v. Maine, 431 F.2d 688, 689 (1st Cir. 1970)).  It is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.  See Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir. 1999); Flowers v. Blackburn, 779 F.2d 1115, 1119 n.5 (5th Cir. 1986).

### III. DISCUSSION

Petitioner's writ of habeas corpus is subject to review pursuant to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Lindh v. Murphy, 521 U.S. 320, 336 (1997) (holding that AEDPA applies to habeas petitions filed after its effective date of April 24, 1996). Pursuant to AEDPA, federal habeas corpus review on a second or successive application is extremely limited. A claim for habeas relief that was not submitted in the prior application must be dismissed unless the petitioner can show the claim relies on a new constitutional rule that the Supreme Court has held applies retroactively, or the facts for the claim could not have been previously discovered with due diligence, and if these facts were proven to be true, that in light of the record as a whole, "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty." 28 U.S.C. § 2244(b)(2).

However, pursuant to 28 U.S.C. § 2244(b)(3)(A):

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A three-judge panel of the appropriate court of appeals may authorize the second or successive appeal upon the finding that the petitioner has made a prima facie

showing that the application meets the statutory requirements. 28 U.S.C. § 2244(b)(3). The statute does not set forth a definition of the term "second or successive application." The Fifth Circuit, however, has held that "a later petition is successive when it: 1) <u>raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition</u>; or 2) otherwise constitutes an abuse of writ." <u>In re Cain</u>, 137 F.3d 234, 235 (5th Cir. 1998) (per curiam) (citations omitted) (emphasis added).

A habeas petition is not considered second or successive merely because it follows an earlier petition, but where it raises a claim that could have been raised, or was raised in an earlier petition, it is considered a second or successive petition. Petitioner is challenging the March 18, 2005 denial of parole. (D.E. 1, 9). Specifically, he argues that his denial of parole is arbitrary and capricious and in violation of Texas law. He has previously challenged this same conviction in another federal habeas petition, and raised the same grounds as he now raises. <u>See generally</u> <u>Grant I</u>. Petitioner has not provided any evidence that he has sought and received approval from the Fifth Circuit to file a successive petition.

It is respectfully recommended that the Court construe petitioner's application as a second or successive petition. It is further respectfully recommended that if the Court finds that this petition is a subsequent habeas

application, then it cannot be properly considered by the Court because petitioner has not obtained permission from the Fifth Circuit to file a successive petition. See 28 U.S.C. § 2244(b)(3)(A). Finally, it is respectfully recommended that this petition be summarily dismissed.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of

the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims that a district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of petitioner's § 2254 petition on substantive or procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).

Accordingly, it is respectfully recommended that the Court find that

petitioner is not entitled to a certificate of appealability.

## V.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that this petition be summarily dismissed because petitioner has not obtained permission from the Fifth Circuit to file a successive habeas petition.  It is further respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability.

Respectfully submitted this 31st day of May 2007.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).